# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[1] TOMMY LOUIS CASILLAS-NEGRON,**<br>**[2] ALLAN GIOVANNY CORDERO-VELAZQUEZ,**<br>Defendant(s) | **CRIMINAL NO. 21-778 (FAB)** |

## UNITED STATES OF AMERICA'S MOTION REQUESTING *DE NOVO* BAIL HEARING

**TO THE HONORABLE COURT:**

COMES the United States of America, through its undersigned counsel, and moves this Honorable Court, having original jurisdiction over the offenses charged, pursuant to Title 18, United States Code, Section 922(o) for a review of the release order entered by Honorable Magistrate Judge Marshal De. Morgan on March 19, 2021; and for the revocation of said release order to reasonably assure the safety of any other person and the community, as provided by Title 18, United States Code, Section 3142.

### I. PROCEDURAL BACKGROUNG

On March 17, 2021, a Grand Jury returned a one count indictment against defendants [1] Tommy Luis Casillas-Negron and [2] Allan Giovanny Cordero-Velazquez for violation of 21, United States Code, Section 922(o)

At the detention hearing held on March 19, 2021, the government argued for detention based on dangerousness to the community while defendants argued for bail.

After hearing from the parties, the Court granted both defendant's request for conditions of release, setting bail at $10,000.00 unsecured with a condition of home incarceration and electronic monitoring.

## II. BAIL REFORM ACT

Under the Bail Reform Act, 18, United States Code, Section 3141, et seq. (the "BRA"), federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. See 18, United States Code, Section 3142(e). A finding of dangerousness must be supported by clear and convincing evidence. *See* 18, United States Code, Section 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). A finding of risk of flight must be supported by a preponderance of the evidence. *See United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991) (noting that preponderance of the evidence is required to establish "risk of flight").

The BRA lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. See 18, United States Code, Section 3142(g). Evidentiary rules do not apply at detention hearings and the government is entitled to present evidence by way of proffer, among other means. *See* 18, United States Code, Section 3142(f)(2).

Further, under the BRA, where a defendant is charged with certain enumerated crimes, a presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18, <u>United States Code</u>, Section 3142(e)(3). The presumption is that the defendant both poses a risk of flight and is a danger to the community. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). To rebut the presumption, the defendant must produce "some evidence" to the contrary, *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990) (internal citation omitted), in order to show that "what is true in general is not true in the particular case before [the Court]." *United States v. Perez–Franco*, 839 F.2d 867, 870 (1st Cir. 1988) (internal citation omitted). "The government retains the burden of proving that no conditions will reasonably assure the defendant's appearance." *O'Brien*, 895 F.2d at 815. Once the defendant has come forward with some evidence, the presumption remains a factor to be considered by the Court in determining whether the defendant should be detained prior to trial. Id. (internal citations omitted).

### III. Evidence proffered to the Court by the United States

During the bail hearing, the United States proffered to the Court that both defendants represent a danger to the community. The United States proffered to the Court that both defendants were stopped by police officers from the Carolina Municipal Police for violation of the Puerto Rico law 22. Defendant [1] Tommy Louis Casillas-Negron ("Casillas-Negron") was the driver of a Toyota Camry while defendant #2 Allan Giovanny Cordero-Velazquez ("Cordero-Velazquez") was the front passenger. The Toyota Camry had tinted windows and the officers believed that

the tints were darked than permitted under the law. One of the officers ordered defendant Casillas-Negron to raise the windows halfway and the officer used a photometer to measure the darkness of the windows. The result was the windows had 5% visibility in violation of Puerto Rico Traffic law.

Once the officers stopped the vehicle in Monserrate Avenue in Carolina, they requested the driver to produce the vehicle registration as well as the driver's license. Defendant Casillas-Negron reached for the fanny pack next to his right leg, opened it and pulled out his driver's license. The officer observed a firearm inside the fanny pack and ordered both defendants to step out of the car. When asked if they had a permit to carry firearms, they both answered in the negative. Both defendants were arrested and taken under custody. From inside the fanny pack, the arresting officers seized a Glock pistol, model 27, bearing serial number PZY523, rounds of ammunition and magazines. Upon further inquiry, the officers found that the firearm was reported stolen in Florida in 2017. Moreover, the firearm had an alteration or "chip" that converted the firearm into a machinegun.

While in custody, federal officers interviewed both defendants. The government intends to proffer in the De Novo hearing that defendant Casillas-Negron waived his Miranda rights and told federal officers that he knew the weapon was inside the vehicle. Casillas-Negron further admitted that he had previously fired the weapon, thus he knew the firearm was automatic. He specified that he fired the weapon on New Year's Eve of 2020. Casillas Negron also stated that he had the firearm because lately there were multiple people murdered in Loiza.

Additionally, the government intends to proffer in the De Novo hearing that

Cordero-Velazquez mentioned that the he used the seized firearm was at the Miñi-Miñi Sector in Loiza during a New Year's Day celebration in 2020. Cordero-Velazquez further stated to federal officers that he has problems with group from "Las Casitas" for leadership positions of the drug points in Loiza.

The government respectfully submits that the bail package proposed by the defendant and fashioned by the Court does not reasonably assure the safety of the community. *See United States v. Mercedes*, 254 F.3d 433, 436-37 (2d Cir. 2001) (reiterating that "a bail package might 'reasonably assure the appearance of [the defendant] at trial, will not reasonably assure the safety of the community'") (citations omitted).

**WHEREFORE**, and in view of the foregoing the United States of America respectfully prays that the District Court revoke the Magistrate Judge's Order granting defendants [1] Tomy Casillas Negron and [2] Allan Cordero Velazquez bail, pursuant to Title 18, United States Code, Section 3145(a). In the alternative, the United States requests that the Honorable Court set a de novo bail hearing as soon as possible.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of April, 2021.

                    **W. STEPHEN MULDROW**
                    United States Attorney

                    *s/ Pedro R. Casablanca*
                    Pedro R. Casablanca
                    USDC 219811
                    Assistant U.S. Attorney
                    Torre Chardón Bldg., Suite 1201
                    350 Carlos Chardón Street
                    San Juan, Puerto Rico 00918
                    Tel. (787) 766-5656

Fax: (787) 772-3992
Pedro.r.casablanca@usdoj.gov


*s/ Corinne Cordero-Romo*
Corinne Cordero Romo
USDC 231111
Assistant U.S. Attorney
Torre Chardón Bldg., Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Fax: (787) 772-3992
Corinne.cordero@usdoj.gov


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.


*s/ Corinne Cordero-Romo*
Corinne Cordero Romo
Assistant United States Attorney